UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRENT BELTON EDWARDS,

Plaintiff,

v.                                              CAUSE NO.: 3:19-CV-766-JD-MGG

MATT HASSEL, et al.,

Defendants.

## OPINION AND ORDER

Brent Belton Edwards, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Edwards alleges that on August 29, 2019, Sheriff Matt Hassel authorized Sergeant Bo Holcomb and Captain Butts to place him in an overcrowded cell, which forced him to sleep on the floor and to eat on a toilet or the floor instead of a table. Because Edwards is a pretrial detainee, the court must assess his claims under the

Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Edwards states a plausible Fourteenth Amendment claim against the defendants.

For these reasons, the court:

(1) GRANTS Brent Belton Edwards leave to proceed on a Fourteenth Amendment claim for money damages against Sheriff Hassel, Sergeant Holcomb, and Captain Butts for subjecting him to overcrowded conditions on August 29, 2019;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel, Sergeant Holcomb, and Captain Butts at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel, Sergeant Holcomb, and Captain Butts to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Brent Belton Edwards has been granted leave to proceed in this screening order.

SO ORDERED on November 4, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT